IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TORRE JOHNSON                                    *
  A.K.A. OMAR JACKSON, #320944
                                    *

         v.                                   CIVIL ACTION NO. RDB-05-2340
                                      *

DR. DOUGLAS FLOCCARE
UNIVERSITY OF MARYLAND                           *
  HOSPITAL
                                    *

## MEMORANDUM OPINION

Plaintiff is an inmate presently confined at the Western Correctional Institution in Cumberland, Maryland. On August 24, 2005, this Court received for filing Plaintiff's civil rights complaint seeking compensation for alleged malpractice. Paper No. 1. According to the statement of claim, on January 10, 2003, Plaintiff was sent to the Baltimore City Correctional Center medical department for a collar bone injury. *Id*. at 4, § III. He was informed by medical staff that his collar bone was broken. Plaintiff claims that he was then sent to the Maryland "Penitentiary" hospital for an x-ray and was told that his collar bone was broken. *Id*. According to the complaint, Plaintiff was taken to the University of Maryland Hospital, where another x-ray was taken. *Id*. He claims he was told his collar bone was fractured and was given 600 mg. of Motrin, a cup of water, and an arm brace. *Id*. Plaintiff seemingly complains that he was discharged from University of Maryland Hospital without additional treatment approximately five hours after he was originally seen. *Id*.

Because he appears indigent, Plaintiff's Motion to Proceed In Forma Pauperis shall be granted. However his Complaint shall be dismissed for the failure to state a claim.

Plaintiff raises a claim of malpractice against the University of Maryland Hospital and a physician. His allegation states nothing more than a medical malpractice claim, which is not

colorable under 42 U.S.C. §1983.[1]    *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (mere malpractice or negligence in the diagnosis or treatment of a condition does not state a constitutional claim); *see also Benson v. Cady*, 761 F.2d 335, 341 (7th Cir. 1985).  While Plaintiff may proceed with a timely state common-law or statutory tort action, this Court has no jurisdictional basis to review his medical malpractice claim under §1983.

Plaintiff's complaint will be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)[2] for the failure to state a claim.   Plaintiff is hereby notified that  he may be barred from filing future suits *in forma pauperis* if he continues to file federal civil rights actions that are subject to dismissal as

---

[1]    Federal courts are courts of limited jurisdiction.  *Bender v. Williamsport Area School District,* 475 U.S. 534, 541 (1986); *Abercrombie v. Office of Comptroller of Currency*, 833 F.2d 672, 674 (7th Cir.1987). A civil case may proceed in federal court only if the plaintiff raises a claim based on the Constitution or laws of the United States or diversity jurisdiction exists.  Plaintiff's complaint does not set out a claim under the U.S. Constitution or federal statute.

[2]    28 U.S.C. § 1915(e) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A)   the allegation of poverty is untrue; or
(B)   the action or appeal--
    (i)   is frivolous or malicious;
    (ii)  fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such  relief.

frivolous or malicious under § 1915(e) or under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted.[3]   A separate Order dismissing this complaint follows.


August 29, 2005

/s/
_____
      RICHARD D. BENNETT
      UNITED STATES DISTRICT JUDGE

---

[3]     28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

> As the Court interprets this provision, once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.